[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 97-1510

GENERAL ELECTRIC MORTGAGE INSURANCE CORPORATION,

Appellant,

v.

PETER M. BELLI,

Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge] 



Before

Selya and Boudin, Circuit Judges, 

and Dowd,* Senior District Judge. 



Richard W. Gannett with whom Gannett & Associates was on brief 
for appellant.
Harland L. Smith for appellee. 



December 10, 1997


 

*Of the Northern District of Ohio, sitting by designation.

Per Curiam. The General Electric Mortgage Insurance 

Corporation ("GEMIC") appeals from the district court's order

affirming the refusal of the bankruptcy court to declare non-

dischargeable because of fraud a debt owed to it by Peter M.

Belli. 11 U.S.C. 523(a)(2)(A)-(B). Unfortunately for

GEMIC, the facts now relied upon to show fraud were not

proved at trial in the bankruptcy court. Accordingly, we

affirm.

GEMIC insured loans for the First Mark Mortgage

Corporation of Emerald Isle, North Carolina ("First Mark"),

which in 1990 lent Belli $126,800, secured by a mortgage.

Belli defaulted. GEMIC made good the deficiency, First Mark

assigned its rights to GEMIC, and GEMIC in turn won a state

court judgment against Belli on October 20, 1993, for the sum

of $58,719.08, the principal amount still owed to GEMIC after

the foreclosure sale of the mortgaged property. Belli did

not pay this sum but instead filed for bankruptcy under

Chapter 7 on February 18, 1994.

On May 27, 1994, GEMIC filed a complaint asking the

bankruptcy court to declare the debt non-dischargeable on the

ground that Belli had lied on his loan application concerning

the terms of his employment and the amount of his

liabilities; the complaint did not assert that Belli had

overstated his assets. After some discovery, a bench trial

was held on July 19, 1995, which consisted largely of the

-2- -2-

direct examination and cross-examination of Belli, who was

the only witness to testify. The bankruptcy court dismissed

GEMIC's complaint and later denied GEMIC's motion for relief

from final judgment. GEMIC appealed these rulings to the

district court, which affirmed.

On appeal, GEMIC tells us that Belli's loan application

overstated his gross monthly income, understated his

outstanding debts, and--most important--misrepresented his

ownership interest in certain assets. Belli had claimed

ownership of two parcels of land valued at $435,000; but

GEMIC now tells us that Belli had previously lost one parcel

due to foreclosure and had conveyed most of his interest in

the other, so that his equity in the two properties was

actually approximately $250.

Had GEMIC proved at trial the misrepresentations now

described, it would have gone far toward proving that the

judgment earlier won by GEMIC was non-dischargeable under

section 523. We were surprised therefore to discover that

the trial record does not contain proof of the alleged

misrepresentations. Instead, it shows that the only witness

called was Belli himself who, although vigorously cross-

examined by GEMIC counsel, declined to admit that his loan

application was materially false.

To explain the absence of proof, GEMIC says that one of

its own witnesses was unexpectedly unavailable; but absent

-3- -3-

extreme circumstances, refusal to defer a scheduled trial

where a party fails to produce its own witness is within the

sound discretion of the trial court. GEMIC also complains

that the district court refused to enforce a subpoena to

require Belli's former employer to appear at trial with

records as to Belli's former salary; but GEMIC had sought to

serve the subpoena only the day before trial and the witness

was out of state. GEMIC had failed to preserve the

employer's testimony by deposition.

GEMIC next says that Belli did not adequately respond to

discovery; specifically, he failed to produce prior tax

returns, saying they had been lost. But GEMIC itself waited

until the last day to submit its discovery requests and, more

important, did not complain to the trial court until five

days before trial even though it had had Belli's responses

for a month. Nor did GEMIC move in timely fashion to compel

Belli to sign an authorization so that it could itself secure

the tax documents from the Internal Revenue Service.

As for the misrepresentations concerning property

ownership, it appears that GEMIC did not discover these facts

until a title search was performed after trial. The results

were the basis for GEMIC's motion for relief from final

judgment. But GEMIC has never explained why, with due

diligence, it could not have discovered the same information

prior to trial. In these circumstances, the trial court was

-4- -4-

certainly not obliged to let GEMIC reopen matters to repair

the record.

This case involved a relatively small sum for GEMIC and,

even if it had prevailed in making the debt non-

dischargeable, it might never have seen a penny. Perhaps

this justified it in stinting on trial preparation and

gambling that Belli might be forced on cross-examination to

admit the necessary facts. But having gambled and lost in

the trial court, GEMIC cannot expect rescue on appeal.

Affirmed. 

-5- -5-